**CHRIS DANIEL**
**HARRIS COUNTY DISTRICT CLERK**
**CIVIL/FAMILY POST TRIAL**

**DATE: March 26, 2015**

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
6/25/2015 5:21:23 PM
CHRISTOPHER A. PRINE
Clerk

**FOURTEENTH COURT OF APPEALS INFORMATION SHEET BY TRIAL COURT CLERK**

*Note to trial court clerk: You are expected to file the clerk's record by the original due date. If you cannot, you should advise the Clerk of the Fourteenth Court of Appeals immediately in writing, stating the reason and the date by which the record will be filed.  Generally speaking, for good cause shown, the Court will grant no more than two extensions from the original due date, each extension not to exceed 30 days.*

*Appellate Case Number* **14-15-00460-CV**

*Trial Court Case Number:* **2014-09348**_____

*Trial Court Number* __**152**nd__ **District Court**

_____

**Information from Trial Court Clerk**

_____  The clerk's record will be completed and filed with the appellate court clerk by the original due date, subject to payment arrangements being made.

__**X**__  The clerk's record will not be filed by the original due date.  (Please state reasons below)
**Reason(s):  Appellant has filed notice of appeal as a pro se litigant with no advance payment made. A request for advance payment has been sent to the appellant.**
**Pro Se Appellant filed for Paupers affidavit/however the trial denied paupers**
**On June 17, 2014; See enclosures**

I believe I can file the clerk's record by _____ and I request days extension.

_____  Appellant has not made payment arrangements.
_____  Appellant has been notified that the clerk's record is ready.
_____  Appellant has made payment arrangements.

CHRIS DANIEL,
CLERK DISTRICT COURT,
HARRIS COUNTY, TEXAS

BY: _/s/ PHYLLIS WASHINGTON_
**PHYLLIS WASHINGTON, DEPUTY**

District Clerk's LetterOnReceipt NOAatt.wpd

May 29, 2015

**Allen F Calton, #1123880**
**TDCJC Stiles Unit**
**3060 F M 3514**
**Beaumont, Tx 77705**                    **Sent Via: U S Mail**

**Re: Cause No. .; 2014-09348; 14-15-00460-CV; Allen F. Calton, v Jason Newman, Lauren Tanner and Baker Botts, LLP., In the 152ND Judicial District Court of Harris County, Texas**

**Dear Mr. Calton:**

We have received your notice of appeal in the above referenced case. We are informing you in order for us to prepare, certify and timely file the clerk's record with the appellate court that you must be in accordance with rule (35.3) of the Texas Rules of Appellate Procedure which states:

*(a)* (2) *The party responsible for paying for the preparation of the clerk's record has paid the clerk's fee, has made satisfactory arrangements with the clerk to pay the fee, or is entitled to appeal without paying the fee.*

The **estimated** cost of the clerk's record is $ **500.00**. **We are requesting a deposit/payment of $250.00 before proceeding in preparing the clerk's record**.

You may remit your payment in the form of a money order or cashier's check, payable to Chris Daniel, District Clerk by mailing to:

Chris Daniel, District Clerk
Attn: Civil / Family Post Trial
P.O. Box 4651
Houston, TX 77210-4651

**Sincerely,**

P. Washington
Senior Deputy Clerk
Civil/Family Post Trial Clerk

CONFIRMED FILE DATE: 5/22/2015

race rape

Cause No. 2014-09348

Allen "F" Calton
        Plaintiff

v

Jason Newman, Laura Tanner
Baker-Botts L.L.P
        Defendants

In The District Court

Harris County, Texas

152nd Judicial Court

FILED
CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TEXAS
2015 FEB 25 AM 11:25
MAIL PROCESSING DEPUTY C

## Declaration of Inability To Pay Costs For This Civil Action

The Following Declaration is made pursuant to the Texas Rules of Appellate Procedure Rule 20.1.

Now Respectfully Comes Allen "F" Calton #1123880, and declares that I am unable to pay the court costs in this Appeal. As confirmed by my balance of #3.90¢ in my inmate Trust Fund Account As confirmed by the Accompanying Certified Copy Of my inmate Trust Fund Account statement Thus I request leave of the Court to proceed in this Appeal without paying the filling fee and any and all other Court costs.

(1) I am presently incarcerated at the Stiles unit in TDCJ where I am unemployed and am not permitted to earn or handle money.

Declaration of Inability To Pay Costs For This Appeal page 1 of 2

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

(2) I have no source of income or spousal income.

(3) I own no real or personal property

(4) I hold no cash and have no money to draw from except Three Dollars and ninety cents.

(5) I have no assets of any kind

(6) I have one dependent a 15 year old son.

(7) I owe over $60,000.00 dollars in back Child support.

(8) I owe monthly expenses of $125.00 for child support which I am unable to pay.

(9) I cannot obtain a loan to due bad credit and the outstanding child support debt.

(10) No attorney is providing free legal services to me without a contingent fee.

(11) An attorney has not agreed to pay or advance costs

(12) The mentally ill Plaintiff lacks the skill and does not have access to equipment necessary to prepare the appendix, as required by Rule 38.5(d).

I, Allen "F" Calton #1123880, being presently incarcerated at the Stiles Unit, in Jefferson County, Texas, declare under the penalty of perjury that the foregoing facts are true and correct and are based on personal Knowledge.
Executed on 1-27-15    Allen "F" Calton
Declaration Of Inability To Pay Costs For This Appeal page 2 of 2

6/2/2015 4:42:44 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 5517065
By: SMITH, SALENE
Filed: 6/2/2015 4:42:44 PM

## CAUSE NO. 2014-09348

| | | |
|---|---|---|
| ALLEN CALTON | § | IN THE DISTRICT COURT OF |
| v. | §<br>§ | HARRIS COUNTY, TEXAS |
| JASON NEWMAN, LAUREN<br>TANNER AND BAKER BOTTS, LLP | §<br>§ | 152ND JUDICIAL DISTRICT |

### DISTRICT CLERK'S CONTEST OF AFFIDAVIT OF INDIGENCE
### TEXAS CIVIL PRACTICES AND REMEDIES CODE 14.001 ET. SEQ. AND
### TEXAS RULE OF APPELLATE PROCEDURE 20.1

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the District Clerk of Harris County, Texas, enters a general denial and pursuant to TRAP 20.1 and CPRC 14.001 et. seq., contests the Affidavit of Inability to Pay Costs of the Affiant previously filed herein, and in support of such contest states:

### I.

The District Clerk demands strict proof that the Affiant is unable to pay filing fees.

### II.

"A party who cannot pay the costs in an appellate court may proceed without advance payment of costs if:

(1) the party files an affidavit of indigence in compliance with this rule;

(2) the claim of indigence is not contested or, if contested the contest is not sustained by written order; and

(3) the party timely files a notice of appeal." TRAP 20.1(a)

### III.

The District Clerk alleges the Affiant has failed in complying with one or more of the statutory requirements under TRAP 20.1(b) which states:

"The affidavit of indigence must identify the party filing the affidavit and must state what amount of costs, if any, the party can pay. The affidavit must also contain complete information about:

(1) the nature and amount of the party's current employment income, government-entitlement income and other income;

(2) the income of the party's spouse and whether that income is available to the party;

(3)     real and personal property the party owns;

(4)     cash the party holds and amounts on deposit the party may withdraw;

(5)     the party's other assets;

(6)     the number and relationship to the party of any dependents;

(7)     the nature and amount of the party's debts;

(8)     the nature and amount of the party's monthly expenses;

(9)     the party's ability to obtain a loan for court costs;

(10)    whether an attorney is providing free legal services to the party without a contingent fee; and

(11)    whether an attorney has agreed to pay for advance court costs."

## IV.

The District Clerk further alleges the Affiant has failed in complying with one or more of the statutory requirements under CPRC 14.004(a) which states:

"An inmate who files an affidavit or unsworn declaration of inability to pay costs shall file a separate affidavit or declaration (1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and (2) describing each suit that was previously brought by (A) stating the operative facts for which relief was sought; (B) listing the case name, cause number, and the court in which the suit was brought; (C) identifying each party named in the suit; and (D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise."

## V.

The District Clerk further alleges that Affiant failed in complying with the statutory requirement under CPRC 14.004(c) which states:

"The affidavit or unsworn declaration must be accompanied by the certified copy of the trust account statement required by Section 14.006(f)" which demonstrates the balance of the inmate's trust fund account balance during the six months preceding the date upon which the claim is filed.

## VI.

For these reasons, the District Clerk asks the court to deny the Affiant's request to proceed as an indigent without paying costs and sustain the District Clerk's contest.

Respectfully submitted,

VINCE RYAN
County Attorney
TX Bar No. 99999939

By: _____
HARRISON GREGG JR.
TX Bar No. 08429500
Senior Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: (713) 755-8766
Facsimile: (713) 755-8848

ATTORNEY FOR CHRIS DANIEL
HARRIS COUNTY DISTRICT CLERK

CAUSE NO. 2014-09348

| | | |
|---|---|---|
| ALLEN F. CALTON | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | Chris Daniel |
| JASON NEWMAN, ET. AL. | § | 152ND JUDICIAL DISTRICT Clerk |

FILED
Chris Daniel
District Clerk
JUN 18 2015
Time:_____
Harris County, Texas
By_____

ORDER

On this date the court considered the Contest to the Affidavit of Inability to Give Cost Bond of Affiant, Allen F. Calton, and after considering the pleadings, evidence and arguments of counsel finds that the Contest should be sustained because Plaintiff failed to provide the certified copy of the inmate trust account statement as required by Tex. Civ. Prac. & Rem. Code Section 14.004(c).

Signed June 17, 2015.

Robert K. Schaffer
Presiding Judge